| iPETERS, Judge.
We revisit this matter on remand from the Louisiana Supreme Court. The defendant, Sidney Bradley Anderson, had appealed his conviction of second degree murder, alleging six assignments of error.[1] This court previously found merit in the defendant’s third assignment of error and reversed his conviction without considering the remaining assignments. State v. Anderson, 96-1515 (La.App. 3 Cir. 4/2/97); 691 So.2d 336. The supreme court reinstated the conviction and sentence and remanded the matter to this court for consideration of the other assignments of error. State v. Anderson, 97-1301 (La.2/6/98); 707 So.2d 1223. We have now considered the remaining four assignments of error, and finding them without merit, we-affirm the conviction and sentence in all respects.
The original opinion contains a complete discussion of the record, and reference Ris made to that opinion for the factual and procedural background. In his first assignment of error, the defendant contends that the trial court denied him a fair trial, due process of law, the right to compulsory process, and the right to testify in his own behalf. The basis of this assignment is the defendant’s attempt to produce hypnbtically-refreshed memory.
Prior to trial, the defendant requested funds to obtain an expert hypnotist to assist in refreshing his memory. The trial judge signed a judgment granting this "request on April 24, 1995. Trial was scheduled to begin on May 30, 1995, and on May 1, and 24, the defendant requested a continuance based partly on the assertion that the retained expert had met with the defendant only once and had not completed his report to the defendant. On the day the trial was to begin, 'the trial judge denied the motion, stating that he had authorized payment of the expert “out of an abundance of caution” even though he doubted the expert was necessary to prevent injustice. The trial judge further reminded counsel for the defendant that when the request was granted, the trial judge had made it clear that trial was scheduled for May 30, 1995, and that he was originally concerned that the request “was merely another effort to delay the case.” The trial judge further admonished the defendant’s counsel that she should have been more diligent in obtaining experts. The defendant applied for writs to this court on the continuance issue, and this court denied writs in an unpublished opinion.
After the state had rested its case, the defendant again requested a continuance to produce his hypnotically-induced testimony. The defendant argued that the psychiatrist who had hypnotized him was not available at the time and was needed to assist the defendant in his testimony. However, counsel for defendant acknowledged that the psychiatrist had not been subpoenaed. The trial court denied the motion.
We first note that the continuance issue had been addressed by the writ [.^application previously mentioned. Additionally, after a trial is commenced, the proper remedy is a recess, not a continuance, See State v. Johnson, 529 So.2d 466 (La.App. *768 1 Cir.1988), unit denied, 536 So.2d 1233 (La.1989). Even reconsidering the denial of the continuance, we find no error in the trial judge’s ruling. La.Code Crim.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial; •
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
The granting of a continuance is within the discretion of the court. La.Code Crim.P. art. 712. In general, the denial of a continuance is not grounds for the reversal of a conviction absent an abuse of discretion and a showing of specific prejudice caused by the denial of the continuance. State v. Savage, 575 So.2d 478 (La.App. 3 Cir.), writ denied, 586 So.2d 556 (La.1991). Where the motion is based on the insufficiency of time for preparation by counsel, the specific prejudice requirement has been disregarded only in cases where the preparation time was so minimal as to cast doubt on the basic fairness of the proceedings. Id.
In this case, the record does not establish that the trial court abused its discretion in denying the motions for continuance. The request for funds was granted by judgment signed on April 24,1995, and no motion for continuance was requested until a few days before trial. At the hearing on the motion, the defendant did not allege any specific prejudice he would suffer from the denial other than the assertion that his memory could only be refreshed with the assistance of the hypnotist. The trial judge correctly noted that he was not preventing the defendant from testifying but only Udenying the continuance. Thus, we conclude that this assignment lacks merit.
In his fourth assignment of error, the defendant contends that the trial judge was prejudiced against him prior to trial, during trial, and at the sentencing hearing. The basis of this assignment of error arises from the trial judge’s response to defense counsel’s request that the trial judge review the state’s file for Brady material which the state had refused to copy for the defendant. The defendant’s counsel had already reviewed the state’s file and could not specify which witnesses would be exculpatory or give the trial judge any indication of why the material should be considered exculpatory. The record reveals inconsistent statements on the part of counsel for the defendant regarding what was being requested in the file, despite repeated attempts by the trial judge to clarify the issue.
The defendant waived a jury trial and elected to be tried by the trial judge. He also complains that upon finding him guilty, the trial judge made the comment that “[the defendant] is a coward who cannot shoot straight.” The motion to recuse was not filed until after conviction. After a hearing, the motion to recuse was denied on the basis of no finding of prejudice by the trial judge against the defendant and on the basis that the motion was not timely filed.
A trial judge shall be recused when he “[i]s biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial....” La.Code Crim.P. art. 671(A)(1). There is a presumption that a trial judge is impartial, and in order to obtain a recusation based on bias, prejudice, and personal interest, the party seeking the recu-sation must establish more than conclusory allegations. State v. Boudreaux, 95-153 (La.App. 5 Cir. 9/20/95); 662 So.2d 22, writ denied, 96-0840 (La.5/30/97); 694 So.2d 233. Additionally, failure to file a written motion to recuse waives this error. State v. Crothers, 278 So.2d 12(La.), cert. denied, |g414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973).
The defendant did not file a motion to recuse until the trial was over, and the first instance of alleged prejudice occurred prior to the beginning of trial. La.Code Crim.P. art. 674 provides:
*769 A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoe, as provided in Article 675.
(Emphasis added).
Thus, the motion to recuse was not timely filed as to all complaints associated with the pretrial and trial proceedings. Even assuming the motion was timely filed, we find no evidence that would warrant the recusal of the trial judge.
As to the defendant’s complaint concerning the trial judge’s comment at sentencing, this comment likewise fails to support an adequate factual basis to support a recusal of the trial judge. The statement constitutes no more than a belief by the trial judge, after having heard all of the evidence, that the defendant was clearly guilty of the crime. While the comment was not necessary, it does not reveal a prejudice against the defendant. Thus, we find no merit in this assignment of error.
In his fifth assignment of error, the defendant asserts that the trial judge denied him a full transcript of his trial. The defendant acknowledges that he received a transcript of the trial itself but contends that the transcript did not contain a copy of the sentencing hearing.
A defendant has no right to transcripts free of charge unless he demonstrates a particularized need for them. State ex rel. Joseph v. State, 482 So.2d 680 (La.App. 1 Cir.1985). In this case, the defendant has made no showing of a particularized need. Further, the record contains a copy of the requested sentencing hearing transcript, and the record is available for the defendant to use for appellate purposes. Additionally, in this case, sentencing is not at issue. Thus, we find no merit in this assignment of error.
In his final assignment of error, the defendant asserts that the trial court erred when it convicted him of a nonresponsive verdict. This assignment is based on the fact that the original bill of indictment charged the defendant with second degree murder, a violation of La.R.S. 14:30.1. No mention is made in the bill of indictment of the defendant’s status as a principal in the commission of the crime. Additionally, in response to the defendant’s bill of particulars requesting the state to disclose the statute or statutes under which the defendant was being prosecuted, the state responded by stating that the defendant was being prosecuted under La.R.S. 14:30.1(A)(1) and (B). No reference was made in this answer to the bill of particulars to La.R.S. 14:24, which defines principals to a crime.
The trial judge specifically stated that he did not know whether the defendant actually shot the victim or was only a principal to the murder. He further determined that the issue of whether the defendant fired the fatal shot was not relevant for a determination of his guilt and found him guilty as a principal.
The defendant argues that his conviction as a principal, without reference to La.R.S. 14:24 in either the bill of indictment or the answer to his bill of particulars, violated his constitutional right to be informed of the nature and cause of the accusation against him, in violation of La. Const, art. I, § 13. There is no requirement that an indictment specifically charge a defendant as a principal, because an indictment for the offense itself, and not as an accessory after the fact, evidences that a defendant |7is charged as a principal. State v. Peterson, 290 So.2d 307 (La.1974). Therefore, we find that this assignment lacks merit.
DISPOSITION
For the foregoing reasons, we affirm the conviction and sentence in all respects.
AFFIRMED.

. The second assignment of error was not briefed and is considered abandoned. See Uniform Rules — Courts of Appeal, Rule 2-12.4.