**Dwayne BROWN**

v.

**Burl CAIN, Warden.**

**No. CIV.A. 00–0243.**

United States District Court, E.D. Louisiana.

July 18, 2000.

Dwayne Brown, Angola, LA, pro se.

### ORDER AND REASONS

BERRIGAN, District Judge.

The Court previously ordered the State to produce Petitioner's State court record

---

and brief the issue of whether the doctrine of equitable tolling should apply in the instant case. After reviewing the arguments propounded by both the State and the Petitioner, the law, and the case record, the Court has determined that the facts of this case do not warrant application of the doctrine of equitable tolling. Accordingly, Petitioner's habeas corpus petition is untimely for the reasons explained in the Magistrate Judge's Report and Recommendation. *See* Rec. Doc. 4. The Court thus approves and adopts the Magistrate Judge's Report and Recommendation and supplements and amends that Report and Recommendation with this Order and Reasons.

## I. FACTS

Petitioner, who is a State inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court automatically referred the petition to the assigned Magistrate Judge for production of a Report and Recommendation. The Magistrate Judge's Report and Recommendation advised this Court that Petitioner's claim is time-barred by the one-year statute of limitations provided for habeas corpus petitions under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically, 28 U.S.C. § 2244(d)(1). The Report and Recommendation stated that Petitioner's conviction became final on May 8, 1997, and then Petitioner failed to take any action until well over one year later when he filed an application for State post-conviction relief on October 13, 1998. Petitioner claimed in his objections to the Report and Recommendation [1] that he was attempting throughout that seventeen month period to obtain transcripts to prepare his post-conviction case. In legal terms, Petitioner asked this Court to apply the doctrine of equitable tolling to stop the running of the one year statute of limitations for the period during which Petition-

er allegedly had difficulty obtaining transcripts.

The information before the Court was insufficient for the Court to rule definitively on Petitioner's equitable tolling argument. The Court therefore ordered that the State provide the full case record and brief the issue of whether equitable tolling should apply. The State produced the four-volume record and an accompanying memorandum arguing that equitable tolling should not apply in the instant case. Petitioner also submitted a brief in which he argued that equitable tolling should apply and thus render timely his petition for writ of habeas corpus.

## II. ANALYSIS

■ The United States Court of Appeals for the Fifth Circuit has held, in accord with other federal circuit courts of appeals, that the one-year limitation period of the AEDPA is a statute of limitations rather than a jurisdictional bar and, as such, is subject to equitable tolling. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998), *cert. denied,* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Davis,* 158 F.3d at 810. The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir.2000) (citations and internal quotations omitted). "Equitable tolling, however, is permissible only under 'rare and exceptional' circumstances." *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000) (quoting *Davis,* 158 F.3d at 811). A district court "must be cautious not to apply the statute of limitations too harshly" because dismissal if a first habeas corpus is a serious matter.

---

1. Petitioner actually filed a motion entitled "Motion for Certificate of Appealability." However, since no judgement had yet been issued, the Court considered the motion as an objection to the Magistrate Judge's Report and Recommendation.

*Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999). The Court, therefore, "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher,* 174 F.3d at 713 (quoting *Davis,* 158 F.3d at 811).

■ As explained above, Petitioner argues that much of the seventeen month period between the time of his conviction became final and his filing of an application for State post-conviction relief should be equitably tolled because he was waiting for the State to produce trial and/or pre-trial hearing transcripts.[2] Petitioner fails, however, to show why he needed these transcripts to file his State application. Furthermore, a review of Petitioner's State application indicates that none of the arguments set forth therein relied specifically on the transcripts. Rather, the arguments were essentially legal arguments that Petitioner could have lodged without the transcripts. Indeed Petitioner experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to Petitioner without the transcripts.[3] Without a showing that Petitioner specifically required the transcripts to file his State application, the Court will not deem any delay in processing Petitioner's request for transcripts to have been an impediment to filing his State application. The Court therefore will not apply the extraordinary remedy of equitable tolling in this case because there has been no

showing of any interference with Petitioner's rights that would prevent the timely procession of the full panoply of State and federal collateral proceedings.

## III. CONCLUSION

For the reasons stated above, the Court finds that the facts of this case do not warrant applications of the doctrine of equitable tolling. The one-year statute of limitations for habeas corpus petitions therefore bars Petitioner's access to federal habeas corpus relief.

Accordingly, the Court **ORDERS** the following:

(1) that the Magistrate Judge's Report and Recommendation (Rec.Doc. 4) is hereby **APPROVED and ADOPTED** by this court as its opinion, as supplemented and amended by this Order and Reasons; and

(2) that Dwayne Brown's petition for a writ of habeas corpus is therefore **DISMISSED WITH PREJUDICE.**

## *REPORT AND RECOMMENDATION*

### BERRIGAN.

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the Court is the application for writ of habeas corpus of petitioner, Dwayne Brown. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that

---

**2.** Petitioner alluded to his rights to transcripts. However, a Louisiana State defendant does not have an automatic right to demand transcripts free of charge from the State. *See State ex rel. Bernard v. Criminal District Court Section "J",* 653 So.2d 1174, 1175 (La.1995); *State v. Anderson,* 714 So.2d 766, 769 (La.App.3d Cir.1998), *writ denied,* 726 So.2d 25 (La.1998). Rather a defendant must demonstrate a particularized need for the transcripts. *See Bernard,* 653 So.2d at 1175; *Anderson,* 714 So.2d at 769.

Because an inmate does not have an automatic right to free transcripts, the Louisiana State Courts accept post-conviction relief applications without transcripts attached. The

State, in its memorandum on equitable tolling, represents that State inmates often file their post-conviction applications without transcripts. If the State court deems a transcript necessary, it will order production of the record, as this Court has done here.

**3.** *See Brisbon v. Cain,* Civ. Action 99–3078, 2000 WL 45872, at * 2 (E.D.La. Jan. 18, 2000) (magistrate judge's report and recommendation, approved and adopted by this Court, finding that allegedly improper incidents at trial should have been apparent to the petitioner and that the transcript of the proceedings was thus not necessary to advance the petitioner's claims for federal habeas corpus relief).

Brown's petition be dismissed with prejudice.

Petitioner Brown is a state prisoner currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 6, 1995, Brown was found guilty of burglary of an inhabited dwelling after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On May 3, 1995, Brown was sentenced as a multiple offender to twenty-four years at hard labor without benefit of parole, probation, or suspension of sentence.

Brown directly appealed his conviction which was affirmed by the Louisiana Fourth Circuit Court of Appeal in an unpublished decision dated April 23, 1997. *State v. Brown,* 693 So.2d 19 (La.App. 4th Cir.1997)(table). When Brown failed to apply for a rehearing from the Louisiana Fourth Circuit within the fourteen days allowed by Louisiana law, or to seek writs from the Louisiana Supreme Court, his conviction became final at the expiration of that fourteen-day time period, or May 8, 1997. *See* LSA–C.Cr.P. Art. 922.

Thereafter, Brown states that he took no further action with respect to his conviction until October 13, 1998, well over one year later, when he filed an application for post-conviction relief in the state trial court. After a period of time had passed and Brown had received no ruling on that matter, he filed a petition for "writ of mandamus/writ of execution" in the Louisiana Fourth Circuit complaining of the trial court's delay. On February 9, 1999, the Louisiana Fourth Circuit denied Brown's petition, finding that a review of the record failed to reflect the filing of any application for post-conviction relief in the state trial court. *State v. Brown,* No. 99–K–0081 (La.App. 4th Cir. Feb. 9, 1999)(unpublished order). Brown indicates that he then resubmitted his application for post-conviction relief to the trial court on March 16, 1999. Two months later, he filed a second "writ of mandamus/writ of execution" in the Louisiana Fourth Circuit,

again complaining of the trial court's delay in addressing his application for post-conviction relief. On June 1, 1999, the Louisiana Fourth Circuit found that the claims raised in Brown's application for post-conviction relief were without merit. *State v. Brown,* No. 99–K–1136 (La.App. 4th Cir. June 1, 1999)(unpublished order). Brown's subsequent request for writs from the Louisiana Supreme Court was unavailing. *State ex rel. Brown v. State,* 750 So.2d 983 (La.1999). The instant proceeding followed.

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104–132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Brown now have one year from the date that their convictions became final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has an application for post-conviction or other collateral review pending before the state courts is not counted against the one-year limitation period. The one-year time bar may be raised by the Court *sua sponte. Kiser v. Johnson,* 163 F.3d 326, 328–29 (5th Cir. 1999).

By Brown's own admission, he had nothing pending before the state courts with respect to his conviction between May 8, 1997, the date his conviction became final, and October 13, 1998, the date he allegedly filed his application for post-conviction relief in the state trial court. During that time, the one-year limitation period set forth in § 2244(d)(1) ran its course.[1] As no facts have been presented warranting the application of equitable tolling, *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied,* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999), Brown's petition is time-barred and the Court is unable to consider it. It will therefore be recommended that his petition be dismissed with prejudice.

---

1. The exceptions set forth in § 2244(d)(1)(B), (C), and (D) are inapplicable here.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for writ of habeas corpus of Dwayne Brown be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir.1996)(en banc).

March 21, 2000.