STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1004

STATE OF LOUISIANA

VERSUS

ROBBIE RAY FRITH

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 11-241841, DIVISION "H"
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Van H. Kyzar, Judges.

SENTENCES VACATED AND CASE REMANDED.

James E. Boren
830 Main Street
Baton Rouge, LA 70802
Telephone: (225) 387-5788
COUNSEL FOR:
    Defendant/Appellant - Robbie Ray Frith

M. Bofill Duhé
District Attorney – 16th Judicial District
W. Claire Howington
Assistant District Attorney – 16th Judicial District
300 Iberia Street – Suite 200
New Iberia, LA 70560
Telephone: (337) 369-4420
COUNSEL FOR:
    Plaintiff/Appellee  - State of Louisiana

**Jane Hogan**
**310 North Cherry Street**
**Hammond, LA 70401**
**Telephone: (985) 542-7730**
**COUNSEL FOR:**
 **Defendant/Appellant - Robbie Ray Frith**

**THIBODEAUX, Chief Judge.**

A jury convicted Robbie Ray Frith of five counts of aggravated incest, in violation of La.R.S. 14:78.1.[1] Defendant was subsequently sentenced to serve thirty-five years at hard labor with the first twenty-five years served without benefit of probation, parole, or suspension of sentence on counts one and five; twenty-five years at hard labor without probation, parole, or suspension of sentence with regard to counts two and three; and ten years at hard labor plus a $50,000 fine with regard to count four. All of these sentences were ordered to run concurrently and Defendant was given credit for time served.

In a previous appeal, Defendant alleged three assignments of error: (1) that the trial court committed reversible error in denying Defendant's challenge for cause of Gilbert Blanchard; (2) that Defendant was incompetent to stand trial; and (3) that the trial court improperly interjected its religious beliefs into Defendant's sentencing hearing. This court found the first two assignments of error lacked merit, but remanded for resentencing due to the trial court's failure to observe the mandatory twenty-four-hour delay between ruling on a motion for new trial and sentencing or obtaining a waiver of the delay. *See State v. Frith*, 15-630 (La.App. 3 Cir. 4/27/16) (unpublished opinion), *writ denied*, 16-1011 (La. 5/26/17), 221 So.3d 79. This court did not address the merits of Defendant's claim regarding the trial court's interjection of its religious beliefs into Defendant's sentencing hearing.

---

[1]We note that the crime of which Defendant was convicted has since been re-designated "aggravated crime against nature." *See* 2014 La. Acts No. 177, § 3 and 2014 La. Acts No. 602, § 8.

After remand and prior to resentencing, Defendant filed a "Motion to Recuse Trial Court Judge" seeking mandatory recusal of the trial judge under La.Code Crim.P. arts. 671(A)(1) and 671(A)(6). Both sections require recusal of a trial judge when the judge is unable to conduct a fair and impartial trial, with La.Code Crim.P. art. 671(A)(1) specifically being based on the judge being "biased, prejudiced, or personally interested in the cause."

The trial court held a hearing at which time it denied Defendant's motion to recuse without referring it to another judge and sentenced Defendant to the exact same sentences he had previously received. Defendant objected to the excessiveness of the sentences.

Defendant filed a "Motion for Reconsideration of Sentence," arguing his sentences were constitutionally excessive for a man of his advanced age suffering from physical and mental health issues. His motion was denied.

Defendant now appeals his sentences, raising two assignments of error: (1) the trial court erred in denying his motion to recuse without referring the motion to another judge; and (2) the sentences are constitutionally excessive. For the following reasons, we again vacate Defendant's sentences and remand to the trial court so that Defendant's motion to recuse may be heard by a randomly allotted judge pursuant to La.Code Crim.P. art. 675(B).

**FACTS**

On February 24, 2012, Defendant, Robbie Ray Frith, was charged with five counts of aggravated incest involving his five step-grandchildren, in violation of La.R.S. 14:78.1.1 Aside from count four, all other counts involved children under the age of thirteen. Counts two and three involved his two younger step-granddaughters, and Defendant was alleged to have kissed each of them inappropriately.

2

With respect to count four, involving his oldest step-granddaughter who was over the age of thirteen, Defendant was alleged to have made an inappropriate comment while she was wearing a bathing suit, licked icing off her finger inappropriately and touched her leg inappropriately. With respect to counts one and five, involving two step-grandsons, Defendant was alleged to have engage[d] in an ongoing pattern of indecent behavior with the two boys.

*State v. Frith*, p. 1.

## Recusal

Defendant's assertion that the trial court committed reversible error when it denied his motion to recuse without referring the matter to another judge is presented as a three-part argument: (1) the trial court applied the Louisiana Code of Civil Procedure to a criminal proceeding; (2) the trial court's conduct demonstrated a personal bias against Defendant; and (3) the trial court failed to follow the proper procedure in addressing the motion to recuse. This assignment of error has merit and his sentences are vacated and the case remanded for the trial court to follow the proper procedure in addressing the motion to recuse.

Initially, the trial court based its denial of Defendant's motion to recuse, at least in part, on its belief that "it's a back-door effort to revisit the issues that the courts have ruled on and/or have not ruled on." Neither this court nor the supreme court addressed the issue of whether the trial court's repeated comments invoking Christian scripture and ideology exhibited a judicial prejudice or bias against Defendant.

Defendant's motion to recuse alleged the trial judge revealed a personal, religious bias against Defendant when she repeatedly invoked God and Christian scripture during Defendant's sentencing hearing. A few examples

3

include the trial court's statement that "these children, the offense is an offense against them, but the sin is a sin against God"; "[w]e are only made righteous through Jesus Christ, if He's your Lord and Savior"; and:

> Those people who take care of the widows and children, the least of us shall be first in God's Kingdom. And so we all have a special place in our heart for children. And so those are the things that are considered.

The trial court also blamed Defendant for allowing the devil to enter his life:

> You let the devil in when you first start looking at pornography, and that's where that seed is planted. We've all heard, "When you let the Devil ride, he's going to want to drive." You gave him a foothold in your life, and it was him acting through you using you to perpetuate evil because he only comes to kill, steal, and destroy. And we open the door to him when we open the door to pornography.

The motion specifically invoked La.Code Crim.P. art. 671(A)(1) and 671(A)(6), both mandatory grounds for recusal based upon an inability to conduct a fair and impartial trial. As the motion contained both accusations and factual support which, if proven, would be mandatory grounds for recusal of the trial judge, the motion should have been referred to another judge pursuant to La.Code Crim.P. art. 674, which states:

> A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675.

4

As the basis for the motion to recuse is the alleged bias shown by the trial court during Defendant's sentencing, it would not have been possible for Defendant to file his motion prior to trial. Defendant raised the issue immediately in his direct appeal, as the case was no longer before the trial court once sentencing had occurred and notice of intent to appeal had been made. Once the supreme court denied Defendant's writ on May 26, 2017, Defendant fax-filed his motion to recuse the same day. Accordingly, Defendant could not have filed his motion to recuse in a timelier fashion. In *Kidd v. Caldwell*, 371 So.2d 247, 252 (La.1979), the supreme court acknowledged "the judge sought to be recused has a duty to stand aside and to appoint a judge ad hoc to pass upon the validity of the recusation."

At the resentencing hearing, defense counsel stated:

> Well, I think the only thing to add, Your Honor, to just emphasize, is that I believe when a motion to recuse is filed urging the grounds that we urged that Your Honor cannot rule upon it and that you must refer the motion to recuse to another judge.

The trial court responded that it thought "that procedure is when you list something under 151. I don't see this is one of those things." As noted by Defendant, this is clearly a reference to La.Code Civ.P. art. 151, which lists the grounds for recusal of a judge in a civil case. The trial court's reliance on a Code of Civil Procedure article during a criminal proceeding is error. Furthermore, Defendant's claims in his motion to recuse, if proven, certainly fall into one of the grounds for recusal enumerated in La.Code Crim.P. art. 671. However, we note that "[t]here is a presumption that a trial judge is impartial, and in order to obtain a recusation based on bias, prejudice, and personal interest, the party seeking the recusation must establish more than conclusory allegations." *State v. Anderson,*

5

96-1515, p. 4 (La.App. 3 Cir. 4/29/98), 714 So.2d 766, 768, *writ denied*, 98-1374 (La. 10/9/98), 726 So.2d 25. The motion to recuse provides more than mere conclusory allegations, as it provides multiple examples of the trial court's invocation of Christian scripture and ideology.

In *U.S. v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991), the Fourth Circuit stated "[c]ourts, however, cannot sanction sentencing procedures that create the perception of the bench as a pulpit from which judges announce their personal sense of religiosity and simultaneously punish defendants for offending it." The defendant in *Bakker* was a televangelist convicted of fraud and conspiracy. The case mentions only a single comment by the trial court which was sufficient to constitute an abuse of discretion which required the defendant to be resentenced by a different judge: "'He had no thought whatever about his victims and *those of us who do have a religion are ridiculed as being saps from money-grubbing preachers or priests.*'" *Id.* A neutral judge hearing Defendant's motion to recuse may find the trial court's statements likewise indicate a personal bias which requires resentencing carried out by a different judge.

As noted in La.Code Crim.P. art. 674, "[i]f a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675." Defendant's motion provides clear, fact-based allegations that the trial court is biased or prejudiced against him and that the trial court cannot conduct a fair and impartial hearing. Accordingly, the motion should have been referred to another judge.

Under La.Code Crim.P. art. 673, a trial court's authority to act on a case ceases when a motion to recuse is filed. Once Defendant filed his motion to

6

recuse, the trial judge lacked authority to sentence him until another judge had ruled on the motion to recuse. Because the motion was improperly denied without referral to another judge pursuant to La.Code Crim.P. art. 675, the trial court lacked authority to sentence Defendant. Therefore, the sentences imposed upon Defendant on May 31, 2017, should be vacated, and the case should be remanded to the trial court so that the proper procedure for ruling on Defendant's motion to recuse may be followed.

**Excessiveness of Sentence**

Because Defendant's sentences are vacated and the case remanded to the trial court, this court need not consider Defendant's claim that his sentences are excessive at this time.

**CONCLUSION**

Defendant's sentences are vacated, and the case is remanded to the trial court so that Defendant's motion to recuse can be ruled upon following the proper procedure enunciated in La.Code Crim.P. arts. 671, *et seq*.

**SENTENCES VACATED AND CASE REMANDED.**