STATE OF LOUISIANA IN THE INTEREST OF F.R.

\* NO. 2025-C-0251

\*

COURT OF APPEAL

\*

FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

ON SUPERVISORY WRIT FROM THE
JUVENILE COURT ORLEANS PARISH
NO. 2023-347-07-DQ-F, SECTION "F"
Honorable Ranord J. Darensburg
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

William Most
Caroline Gabriel
MOST & ASSOCIATES
201 St. Charles Ave. Suite 2500, #9685
New Orleans, LA 70170

    COUNSEL FOR RELATOR

**WRIT GRANTED; RULINGS VACATED;
AND REMANDED WITH INSTRUCTIONS
JUNE 18, 2025**

Relator, Eden Shlomi ("Relator"), a public defender, seeks review of the trial court's April 15, 2025 rulings, wherein it denied Relator's motion to recuse, denied Relator's motion to quash, and held Relator in contempt of court. For the following reasons, we grant the writ application and vacate the trial court's April 15, 2025 rulings for the trial judge's failure to comply with La. C.Cr.P. arts. 674 and 675 regarding Relator's motion to recuse. We further remand the matter so that the trial judge may either recuse himself in accordance with La. C.Cr.P. art. 674(B) or refer Relator's motion to another judge for hearing though random allotment process as provided in La. C.Cr.P. arts. 674(B) and 675(B).

**FACTS AND PROCEDURAL HISTORY**

On March 12, 2024, Relator's client, F.R., was placed on active probation for one year, under the supervision of the Office of Juvenile Justice in relation to a sentence for second degree battery.

The trial court signed a failure to appear warrant for F.R. in November of 2024. On January 21, 2025, F.R. was shot multiple times and was hospitalized. On

January 27, 2025, Relator filed a motion to recall the warrant due to injuries sustained by F.R. and a related hospitalization, indicating that F.R. would be residing with his mother during recovery.

The trial court did not rule on the motion and on March 20, 2025, F.R. was arrested by a probation officer pursuant to the warrant. According to Relator, she spoke with the officer shortly thereafter and was advised that "if the motion to recall warrant were granted, F.R. could be released." Relator alleges that when she could not get in touch with the trial judge, the Honorable Ranord J. Darensburg ("Judge Darensburg"), she contacted the duty judge about the motion to recall.

On March 25, 2025, the trial court held a review of probation hearing, where Judge Darensburg discussed Relator's alleged actions regarding the motion to recall and heard testimony from witnesses. The trial judge indicated that he believed there was an attempt by Relator to prevent the effectuation of the warrant and advised Relator to return for a contempt hearing. Also, during this hearing, Relator and the trial judge disagreed concerning whether a bench conference concerning the motion to recall had occurred on January 28, 2025.

On April 7, 2025, Relator filed a motion to recuse Judge Darensburg, contending that he was a witness to the issue and had exhibited bias.

On April 10, 2025, the trial court issued a rule to show cause directing Relator to show cause why she should not be found in contempt of court pursuant to La. C. Cr. P. art. 20 for seeking to obstruct a court issued warrant.

On April 14, 2025, Relator filed a supplement to her motion to recuse and a motion to quash the rule to show cause, contending that it had numerous procedural and substantive defects.

The matters came for hearing before the trial court on April 15, 2025. At the hearing, the trial judge denied the motion to recuse on the grounds that he was not a witness to the matter and had no bias. After Relator objected, the trial judge "assigned" the motion to recuse to the Honorable Candice Bates-Anderson. Judge Bates-Anderson denied the motion to recuse without reasons.

Judge Darensburg thereafter denied the motion to quash and determined that Relator was in constructive contempt for attempting to prevent effectuation of the warrant for the failure to appear and sentenced Relator to a fine of $250.00.

This writ application followed.

## DISCUSSION

Relator asserts several assignments of error relating to the trial court's rulings. However, because we find that the trial judge failed to comply with appropriate procedure in handling the recusal motion, we address only the motion to recuse and pretermit the remaining issues.

La. C.Cr.P. art. 671 provides for the grounds for recusal and states, in part:

> A. In a criminal cause, a judge of any trial or appellate court shall be recused upon any of the following grounds:
>
> (1) The judge is biased, prejudiced, or personally interested in the cause to such an extent that the judge would be unable to conduct a fair and impartial trial.
> . . . .
> (4) The judge is a witness in the cause.
> . . . .
> (6) The judge would be unable, for any other reason, to conduct a fair and impartial trial.
>
> B. In a criminal cause, a judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner. [1]

---

[1] Relator submits that the Children's Code does not have recusal articles, and thus the Code of Criminal Procedure applies. *See State in Int. of K.B.*, 2023-0409, p. 16 (La. App. 4 Cir. 9/26/23),

La. C.Cr.P. art. 674 addresses the procedure for the recusal of a trial judge

and provides:

> A. A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusal under Article 671. The motion shall be filed not later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases at least thirty days prior to commencement of the trial. In the event that the facts constituting the ground for recusal occur thereafter or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after the facts occur or are discovered, but prior to verdict or judgment.

> B. *If the motion to recuse sets forth facts constituting a ground for recusal under Article 671*, not later than seven days after the judge's receipt of the motion from the clerk of court, *the judge shall either recuse himself or refer the motion for hearing to another judge* or to an ad hoc judge *as provided in Article 675*.

> C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth facts constituting a ground for recusal under Article 671, the judge may deny the motion without referring the motion to another judge or to an ad hoc judge for hearing but shall provide written reasons for the denial.

(emphasis added).

La. C.Cr.P. art. 675 provides for the selection of another judge or an ad hoc

judge to try the motion to recuse. Section B states: "In a court having more than

two judges, the motion to recuse shall be referred to another judge of the court

through a random process as provided by the rules of court." La. C.Cr.P. art.

675(B).

---

372 So. 3d 864, 877, *writ denied,* 2023-01421 (La. 4/3/24), 382 So.3d 106 (noting that an appellate court applies Louisiana Code of Criminal Procedure in absence of an applicable Children's Code provision); La. Ch. C. art. 104 (stating that "[w]here procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with: (1) [t]he Code of Criminal Procedure in a delinquency proceeding[.]"); *see also State in Int. of L.R.*, 2021-0141, p. 7 (La. App. 4 Cir. 3/25/21), 314 So.3d 1139, 1144 (applying the criminal procedure rules for recusal of a district attorney in a juvenile proceeding).

4

Here, in her motion to recuse, Relator claimed the trial judge should be recused because the judge is "a witness in the cause" because a "question of fact" existed as to whether the trial judge and Relator "had a conversation related to the warrant and motion to recall the warrant prior to F.R.'s arrest."[2] The motion also alleged that the trial judge made statements that suggested a "personal interest" to such an extent the judge would be unable to conduct a fair and impartial trial. The motion thus set forth facts constituting grounds for recusal under La. C.Cr.P. art. 671. Accordingly, under La. C.Cr.P. art. 674 (B) the trial court was required to recuse himself or refer the motion for hearing to another judge "through a random process as provided by the rules of court" pursuant to La. C.Cr.P. art. 675(B).

However, as noted by Relator, the trial judge did not recuse himself or refer to another judge through random allotment. Instead, the trial judge went to Section C and specifically called in Judge Bates-Anderson to rule of the motion to recuse. The trial judge thus failed to follow La. C.C.P. arts. 674(B) and 675(B).

The Fifth Circuit recently, in *State v. Tart*, 2022-439, pp. 3-4 (La. App. 5 Cir. 9/29/22), 350 So.3d 596, 598, found that any action taken by the trial judge after he failed to recuse himself or refer the motion to recuse to another judge must be vacated. In *Tart*, Judge Franz Zibilich, was appointed ad hoc to hear a motion recuse the entire bench of the 24th JDC filed by the defendant. At the hearing, Judge Zibilich disclosed that he had a dating relationship with the First Assistant District Attorney of the 24th JDC. Defense counsel then orally moved to recuse Judge Zibilich based on La. C.Cr.P. art. 671. The trial judge denied the motion "finding no merit to it as he was only appointed to preside over the recusal motion

---

[2] This is a reference to the disputed bench conference noted above.

and not the case itself in the event the entire bench of the 24th JDC was recused."

*Id.* at p. 1, 350 So.3d at 597. Judge Ziblich then ruled on the recusal motion of the entire 24th JDC bench. Defendant took writs and the Fifth Circuit found as follows:

> Because the motion to recuse sets forth facts constituting a ground for recusal of Judge Zibilich under Article 671, Judge Zibilich was required under Articles 674 and 678[3] to either recuse himself or refer the motion for hearing to another judge or to an *ad hoc* judge as provided in Article 675. Judge Zibilich therefore erred by simply orally denying the motion to recuse himself and proceeding with the hearing. Any action taken by Judge Zibilich once the motion to recuse him was made was done in error and must accordingly be vacated.

*Id.* at pp. 3-4, 350 So.3d at 598. The *Tart* Court thus granted writs, vacated the rulings, and remanded the matter to the trial court to recuse himself or refer to another judge or *ad hoc* judge as per La. C.Cr.P. arts. 674 and 675. *Id.* at p. 4, 350 So.3d at 598–99; *see also State v. Frith,* 2017-1004, p. 7 (La. App. 3 Cir. 4/11/18); 243 So.3d 633, 637 (finding that the trial court lacked authority to sentence the defendant when it improperly denied a motion to recuse without referring to another judge in accordance with La. C.C.P. art. 675; and thus vacated the sentences and remanded to the trial court "so that the proper procedure for ruling on [d]efendant's motion to recuse may be followed")

Similarly, any rulings in the present case that occurred subsequent to Judge Darensburg's failure to recuse himself or failure to refer to another judge for hearing through random allotment process are vacated. Additionally, the matter is remanded to the trial court in order for the motion to recuse to be ruled upon following the appropriate procedure set forth in La. C.Cr.P. arts. 674 and 675.

---

[3] La. C.Cr.P. art. 678 provides that an "ad hoc judge appointed to try a motion to recuse a judge, or appointed to try the cause, may be recused on the grounds and in the manner provided in this Chapter for the recusal of judges."

**DECREE**

For the above stated reasons, this writ application is granted. The April 15, 2025 rulings, which denied the motion to recuse, denied the motion to quash, and held Relator in contempt are vacated. The matter is remanded to Judge Darensburg to recuse himself in accordance with La. C.Cr.P. art. 674 or refer to another judge for hearing though random allotment process as provided in La. C.Cr.P. arts. 674 and 675.

**WRIT GRANTED; RULINGS VACATED; AND REMANDED WITH INSTRUCTION**